UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JULIAN CEPEDA; ALLEN FERREIRA;
KASHIF MATTHEWS; JOSHUA MIRANDA;
JONATHAN PEREZ; and ROBIN VALDEZ,
on their own behalf and on behalf of others
similarly situated,

          Plaintiffs,

    -v-

CITY OF NEW YORK; LYNELLE
MAGINLEY-LIDDLE; FRITZ FRANGÉ;
ERIC M. TAYLOR; LOUIS MOLINA;
CHARLES DANIELS; and CHRISTOPHER
MILLER,

          Defendants.
-------------------------------------------------------X

25 Civ. 5409 (PKC)

**[PROPOSED] STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

      **WHEREAS**, the parties anticipate the production of certain documents that they deem to be confidential or otherwise inappropriate for public disclosure; and

      **WHEREAS**, the parties seek to ensure that the confidentiality of these documents and information contained therein remains protected; and

      **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

      **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiffs and defendants, as follows:

      1.     As used herein, "Action" shall mean the pending action between plaintiffs and defendants captioned *Cepeda* et al. v. City of New York et al., 25 Civ. 5409 (PKC).

      2.     As used herein, "Confidential Materials" shall mean (a) New York City Department of Correction ("DOC") personnel records, (b) plaintiffs' medical and/or

psychological records, and (c) other documents and information that may, in good faith, during the pendency of this litigation, be designated "Confidential Material" by a party, except that such documents and information shall not be deemed "Confidential Materials" to the extent they are obtained by the parties pursuant to the New York Freedom of Information Law ("FOIL") or are otherwise publicly available.

3.    As used herein, "Designating Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Non-Designating Party" shall mean any party who is not the "Designating Party," as defined herein for that document or information.

4.    A Non-Designating Party and that party's attorneys shall not use Confidential Materials produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation, or settlement of claims or defenses in the Action.

5.    A Non-Designating Party and that party's attorneys shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

     a.    Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

     b.    Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

     c.    Defendants' attorneys may also disclose the Confidential Materials to the New York City Department of Correction, the New York City Comptroller's Office, and the New York City Mayor's Office, solely in connection with the defense or settlement of this Action.

     d.    Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition),

- 2 -

the Non-Designating Party's attorney shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order, and such person shall consent, in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the action. The attorneys for a Non-Designating Party making such disclosure shall retain the signed consent and furnish a copy to the Designating Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Non-Designating Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

e.      Disclosure of medical records deemed "Confidential" under this Stipulation of Confidentiality and Protective Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

6.      The Designating Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Stipulation of Confidentiality and Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Designating Party or that party's counsel. Notwithstanding anything to the contrary in this Stipulation, Plaintiffs' medical and/or psychological records are automatically designated to be Confidential Materials regardless of which party receives and/or discloses them first and without the need for any party to affirmatively so designate.

7.      If a Non-Designating Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to counsel for the Designating Party, and counsel shall in good faith attempt to resolve such conflict.  If the conflict cannot be resolved among counsel, the objecting party shall, within 60 days of the initial objection, request the Court to remove the designation.  The party seeking to maintain confidentiality of any material shall have the burden of establishing the necessity for the confidential designation under Rule 26(c), Fed. R. Civ. P.  Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

8.      Notwithstanding any other provision in this Stipulation, no document may be filed with the Clerk under seal without a further Order of the Court addressing the specific documents or portions of documents to be sealed.  Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006), and any other controlling authority.  Unless otherwise ordered, if Plaintiffs seek to file Confidential Materials, they shall so advise Defendants' attorneys fourteen (14) days in advance, specifying the precise portion of the Confidential Materials that Plaintiffs seek to use, the general purpose thereof, and any redactions to which the Plaintiffs do not object.  Within seven (7) days thereafter, Defendants may make an application to seal, indicating the portion or portions of the information that they seek to have sealed.  Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case.  The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

9.    Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit a Designating Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request.

10.    This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed.  All documents or information that have been deemed confidential pursuant to this Stipulation of Confidentiality and Protective Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Non-Designating Party for any purpose without prior Court approval.

11.    The Court will retain jurisdiction over all persons subject to this Stipulation of Confidentiality and Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.  Additionally, the Court reserves the right, in its sole discretion, to modify this Stipulation of Confidentiality and Protective Order at any time.


[THE REST OF THIS PAGE LEFT BLANK INTENTIONALLY]

Dated: New York, New York
       December 16, 2025

WANG HECKER LLP
*Attorneys for plaintiff*

By: _____
    Eric Hecker
    Daniel Mullkoff
    Alexander Goldenberg
    Lily Sawyer-Kaplan
    111 Broadway, 14th Floor
    New York, NY 100076

    Alexander Reinert
    55 5th Avenue
    New York, NY 10003

MURIEL GOODE-TRUFANT
Corporation Counsel of
    the City of New York
*Attorney for City of New York*

By: _____
    Carolyn Depoian
    Alan Scheiner
    Jeffrey Noll, Jr.
    New York City Law Department
    100 Church Street
    New York, New York  10007

SO ORDERED:

_____
HONORABLE P. KEVIN CASTEL
United States District Judge
          12-17-25

- 6 -

<u>EXHIBIT A</u>

The undersigned hereby acknowledges that (s)he has read the Stipulation of Confidentiality and Protective Order issued in the action entitled *Cepeda et al. v. City of New York, et al.*, Case No. 25-cv-5409-PKC, and understands the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than as permitted by the Stipulation of Confidentiality and Protective Order, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____                    _____
Date                               Signature


                                   _____
                                   Print Name