UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JULIAN CEPEDA; ALLEN FERREIRA;                                        25 Civ. 5409 (PKC)
KASHIF MATTHEWS; JOSHUA MIRANDA;
JONATHAN PEREZ; and ROBIN VALDEZ,
on their own behalf and on behalf of others
similarly situated,

                            Plaintiffs,

            -v-

CITY OF NEW YORK; LYNELLE
MAGINLEY-LIDDLE; FRITZ FRANGÉ;
ERIC M. TAYLOR; LOUIS MOLINA;
CHARLES DANIELS; and CHRISTOPHER
MILLER,

                            Defendants.
--------------------------------------------------------X

## STIPULATION AND PROTECTIVE ORDER CONCERNING THE INSPECTION OF CERTAIN AREAS OF RIKERS ISLAND

**WHEREAS**, the Parties desire to access certain areas of New York City Department of Correction (the "DOC Facilities") for the purposes of inspecting and taking photographic and/or video images of certain areas the West Facility contagious Disease Unit, the second and third floors of North Infirmary Command, the North Infirmary Command infirmary, Robert N. Davoren Complex ("RNDC") (4th floor, Lower North and South, Central South and North, Upper South, and North, Mod 4 Lower North), Otis Bantum Correctional ("OBCC") (5 Southwest), and Rose M. Singer Center ("RMSC") (5 South B) (the "Images");

**WHEREAS,** because of security concerns, Defendants and the New York City Department of Correction ("DOC") reserve the right to claim that some or all of the Images should be deemed and treated as confidential;

**WHEREAS,** Plaintiffs do not concede that some or all of the Images will be appropriately deemed confidential, and reserve the right to challenge any confidentiality designations;

**WHEREAS,** Defendants object to granting Plaintiffs' counsel access to the DOC Facilities for the purpose of inspecting and taking photographs and/or video unless appropriate measures are undertaken to ensure the confidentiality of the Images pending an agreement by the Parties or a ruling by the Court; and

**WHEREAS,** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, subject to the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys for the Plaintiffs and Defendants, respectively, as follows[1]:

1.      Defendants may designate any or all of the Images as "Confidential Materials" if Defendants conclude in good faith that for security or other appropriate reasons, disclosure of some or all of the Images should be limited.

2.      To facilitate Defendants' ability to consider whether some or all of the Images are appropriate to be deemed Confidential Materials, counsel for Plaintiffs shall, within thirty (30) days after any visit to the DOC Facilities, produce to counsel for Defendants copies of all of the Images taken during such visit.

---

[1] By entering into this Stipulation, Defendants do not waive any other objections which may exist to the production or admissibility of documents defined as "Confidential Materials" herein.

3.    Within thirty (30) days of such production, counsel for Defendants shall inform counsel for Plaintiffs which, if any, of the Images Defendants have deemed to be Confidential Materials.

4.    To the extent that Plaintiffs object to any of Defendants' designations of Confidential Materials, counsel for the parties shall meet and confer and attempt in good faith to resolve the dispute by mutual agreement.

5.    If Plaintiffs do not object to Defendants' designations of Confidential Materials within thirty (30) days of Defendants' designations, Defendants' designations will be confirmed.

6.    If any dispute regarding Defendants' designation of Confidential Materials cannot be resolved among counsel, either party may seek judicial intervention and request that the Court confirm or remove the confidentiality designation.  Any materials or information subject to a dispute regarding confidentiality shall be treated as Confidential until the parties resolve the dispute or the Court issues its ruling regarding the dispute.

7.    The failure of Plaintiffs to seek judicial intervention concerning the confidentiality designation of any document or documents shall not be deemed an agreement by Plaintiffs that such document or documents are Confidential, nor shall it create any presumption that such document or documents are Confidential and/or that any such document or documents should be filed under seal.

8.    Until such time as any dispute regarding Defendants' designations of Confidential Materials has been resolved by the parties or adjudicated by the Court (and, if the designations stand, thereafter), Plaintiffs' attorney(s) shall not disclose the Confidential Materials

3

to any person not a member of the staff of their law office(s) except under the following conditions:

    (a)    Plaintiffs may be shown the Images but shall not be given electronic or paper copies of the Images, and Plaintiffs shall not otherwise take photographs of or reproduce the Image in any way;

    (b)    Disclosure may be made to experts retained or specially employed by Plaintiffs, or their attorney(s), in connection with litigating this action, or to a witness at a deposition, or to the Court;

    (c)    Before any disclosure is made to a person listed in subparagraphs (a) or (b) above (other than to the Court), Plaintiffs' attorney(s) shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit "A," not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.

9.    Plaintiffs' counsel shall not use Confidential Materials for any purpose other than for the litigation of the above-entitled case.

10.    Plaintiffs' counsel shall provide any individual accompanying them to the DOC Facilities with a copy of this Stipulation and Protective Order, and such person shall read same and consent in writing, in the form annexed hereto as Exhibit "A," not to use the Confidential Materials for any purpose other than for the preparation for and/or presentation at the trial of this action, and not to further disclose the Confidential Materials. The original of each signed consent form shall be retained by Plaintiffs' counsel and a copy thereof shall be

brought to the inspection and given to counsel for Defendants.  Failure to provide such copies shall result in denial of access of said person to Defendant facility.

11.    Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall, upon a request to the court reporter, be separately bound, with a cover page prominently marked "CONFIDENTIAL."  Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

12.    Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of the Court addressing the specific documents or portions of documents to be sealed.  Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006), and any other controlling authority.  Unless otherwise ordered, if Plaintiffs seek to file or otherwise publish Confidential Materials, they shall so advise Defendants' attorneys fourteen (14) days in advance, specifying the precise portion of the Confidential Materials that Plaintiffs seek to use, the general purpose thereof, and any redactions to which the Plaintiffs do not object. Within seven (7) days thereafter, Defendants may make an application to seal, indicating the portion or portions of the information that they seek to have sealed.  Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case.  The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

13.     Within thirty (30) days after the termination of this case, including any appeals, the "Confidential Materials," including all original, copies and non-conforming copies of any photographs, negatives or digital camera files, print images, sketches, computer-generated likenesses or visual depictions, notes, and other materials containing or referring to information derived therefrom, shall be returned to the defendants' attorneys, or, upon their consent, destroyed, except to the extent such materials were made part of any motion or trial record, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorneys, which affidavit shall include the manner and timing of its destruction, and that no copies were made and not destroyed.

14.     Plaintiffs' attorney(s), photographer, and/or anyone else accompanying them to the DOC Facilities shall not under any circumstances inspect, record, photograph, draw, or depict in any other likeness or fashion, the following items and/or locations during the above mentioned site visit: any type of key, lock, locking mechanism, keyholes, doorknobs and/or other similar equipment used to secure the doors, gates and windows (except to the extent that any of the aforementioned prohibited items appear in the background of a photograph taken for a permissible purpose in connection with the inspection of the DOC Facilities); and any inmate, or police, or correction personnel whether in uniform or not, who are observed at the DOC Facilities. The attorneys and/or anyone accompanying them may not bring or use a video camera, tape recorder, wide angle camera, or cell phone. Furthermore, any digital cameras and/or devices capable of operating in a video recorder, tape recorder, and/or wide-angle camera mode may not be operated as such while the attorneys and/or anyone accompanying them are present inside of the DOC Facilities.

15. Plaintiffs' counsel and/or anyone accompanying them may not bring any video recording devices into any facility.

16. Plaintiffs' attorney(s) shall not speak to any prisoner in custody for any reason.

17. Plaintiffs' attorney(s) shall not interview or question any DOC staff for any reason, unless given explicit permission by Defendants' attorney(s).

18. If at any time it appears to Defendants' attorney(s), Department's counsel and/or DOC staff present during the site visit that Plaintiffs' attorney(s), whether inadvertently or not, are inspecting or taking photographs or drawings of any prohibited item, area, or individual described above, Plaintiffs' attorney(s) may be immediately directed and expressed to cease inspecting, photographing, or drawing and the site inspection may be terminated, in which case Plaintiffs' reserve the right to take the position that they were not adequately afforded access to the Facilities; furthermore, in such a scenario the Department reserves the right to immediately inspect these documents or files to determine whether a prohibited item, area or individual as described above, has been video recorded, photographed, or likeness otherwise demonstrated by the Defendants.

19. The parties agree to jointly request that the Court enter this Stipulation and Protective Order as an Order of the Court. The failure of the Court to enter this Stipulation and Protective Order shall not void or otherwise alter the agreement between the parties.

20. Nothing in this stipulation and Protective Order shall be construed to limit the Department's use of Confidential Materials in any manner;

21. This Stipulation and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

22.     The terms of this Stipulation and Protective Order shall be binding on all current and future parties to this Action and their counsel.

23.     This Stipulation and Protective Order shall survive the termination of this Action and shall continue to be binding upon all parties to whom the Confidential Materials were produced or disclosed after the conclusion of this Action.

24.     This Confidentiality Stipulation and Protective Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Confidentiality Stipulation and Protective Order, which shall be binding upon and effective as to all Parties.  The facsimile, scanned, or signed version pursuant to Rule 5 of the Federal Rules of Civil Procedures, shall be deemed the "original" for the purpose of signing this Confidentiality Stipulation and Protective Order.

Dated:   New York, New York
        May 5, 2026


WANG HECKER WANG, LLP            STEVEN BANKS
*Attorneys for Plaintiffs*       Corporation Counsel of the
111 Broadway, Suite 1406         City of New York
New York, New York 10006         100 Church Street
                                 New York, New York 10007

By: _____      By: _____
      Eric Hecker                      Carolyn Depoian

8

Case 1:25-cv-05409-PKC    Document 49-1    Filed 05/06/26    Page 9 of 10

SO ORDERED:

HONORABLE P. KEVIN CASTEL
UNITED STATES DISTRICT JUDGE

5 - 6 - 2026

Case 1:25-cv-05409-PKC    Document 49-1    Filed 05/06/26    Page 10 of 10

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the attached Stipulation of Confidentiality and Protective Order issued in the action entitled <u>Julian Cepeda, et al. v. City of New York, et al.</u>, Case No. 25-cv-5409-PKC, and understands the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than as permitted by the Stipulation of Confidentiality and Protective Order, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____

Date

_____

Signature

_____

Print Name

10