UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JULIAN CEPEDA; ALLEN FERREIRA;
KASHIF MATTHEWS; JOSHUA MIRANDA;
JONATHAN PEREZ; and ROBIN VALDEZ,
on their own behalf and on behalf of others
similarly situated,

                  Plaintiffs,

       -v-

CITY OF NEW YORK; LYNELLE
MAGINLEY-LIDDLE; FRITZ FRANGÉ;
ERIC M. TAYLOR; LOUIS MOLINA;
CHARLES DANIELS; and CHRISTOPHER
MILLER,

                  Defendants.
--------------------------------------------------------X

25 Civ. 5409

[PROPOSED] ORDER
REGARDING CONFIDENTIAL
MEDICAL INFORMATION

WHEREAS, as part of the parties' efforts to conduct discovery in a cooperative and efficient manner, the parties mutually agree that Defendants should produce certain medical records, anonymously and on a confidential basis, for an agreed-upon sample of putative class members who were housed in the Contagious Disease Unit ("CDU") at West Facility during the relevant class period;

WHEREAS, such medical records contain confidential medical information;

WHEREAS, such medical records containing such confidential medical information are in the possession of either the New York City Department of Correction ("DOC") and/or the New York City Health + Hospitals/Correctional Health Service ("CHS"); and

WHEREAS, the Court finds, pursuant to New York Mental Hygiene Law § 33.13 (c)(1), the Health Insurance Portability and Accountability Act (HIPAA), and other applicable laws, that

Case 1:25-cv-05409-PKC    Document 51-1    Filed 05/13/26    Page 2 of 4

the interests of justice significantly outweigh the need for confidentiality pertaining to such confidential medical records, so long the disclosures are anonymous and on a confidential basis;

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1.    Counsel for the parties shall identify a mutually-agreeable sample of putative class members who were housed in CDU in West Facility during the relevant class period (the "Sample Putative Class Members") and whose medical records should be disclosed pursuant to the terms of this Order;

2.    Unless otherwise agreed in writing and/or ordered, the sample shall not exceed medical records for fifteen individuals;

3.    The Sample Putative Class Members shall remain anonymous and shall be identified to Plaintiffs' counsel only by identification numbers that are not associated with their identities;

4.    For each Sample Putative Class Member, Defendants' counsel shall produce to Plaintiffs' counsel medical records in the possession of DOC or CHS relating to and/or reflecting the reason or reasons why the Sample Putative Class Member was housed in CDU at West Facility, including clinical notes relating to the basis for any referral by CHS of the Sample Putative Class Member to CDU.

5.    Such medical records shall be redacted to remove all of the Sample Putative Class Members' personal identifying information.  To the extent the date(s) of medical treatment is personal identifying information, it will not be redacted.

6.    To the extent that any records that are subject to this Order contain mental health information protected under Article 31 of New York Mental Hygiene Law, HIV-related information protected under Article 27-F of New York Public Health Law, and/or substance use

Case 1:25-cv-05409-PKC    Document 51-1    Filed 05/13/26    Page 3 of 4

disorder treatment information protected under 42 CFR Part 2, such information shall be redacted.

7.      All records produced pursuant to this Order shall be deemed Confidential pursuant to Paragraph 2 of the Stipulation of Confidentiality and Protective Order dated December 17, 2025 (ECF No. 42) and treated as such by the parties. Plaintiffs' counsel shall not seek to ascertain the identity of any Sample Putative Class Member and shall not use any information produced pursuant to this Order for any purpose other than the prosecution of the claims in this action.

8.      This Order shall allow the exchange of the medical records specified herein solely for the purposes set forth herein and solely pursuant to the limitations specified herein, pursuant to 45 C.F.R. § 164.512(e)(1)(i) and New York Mental Hygiene Law § 33.13 (c)(1), even if such medical records might otherwise be protected from disclosure by the Health Insurance Portability and Accountability Act of 1996; 7 CRR-NY § 5.24 & tit. 9 § 7033.6; New York City Board of Correction Minimum Standard § 3-08, 40 RCNY § 3-08; New York Mental Hygiene Law § 33.13; New York Civil Practice Law and Rules § 4504; and other federal, state and municipal law.

9.      Plaintiffs' counsel will use said records and the information therein only as reasonably necessary for this action, and will afterwards destroy said records and related information, or safeguard and quarantine any information that cannot be permanently destroyed.

10.     This Order shall survive the conclusion of the litigation and shall continue to be enforceable after its termination.

Dated: May 13, 2026
New York, New York

IT IS SO ORDERED:

_____
Hon. P. Kevin Castel, U.S.D.J