# WANG HECKER LLP

111 BROADWAY, SUITE 1406
NEW YORK, NY 10007

ERIC HECKER
212.620.2600
EHECKER@WANGHECKER.COM

June 15, 2026

By ECF

Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*The proposed revised schedule is adopted. The September 17 conference is adjourned to December 16, 2026 at 11:00 am in Courtroom 11D.*

*SO ORDERED*

*[signature] USDJ*
*6-15-26*

   Re:    *Cepeda et al. v. City of New York et al.*, 25-CV-5409 (PKC)

Dear Judge Castel:

   Together with Alexander Reinert, this firm represents the Plaintiffs in this putative class action.  The next conference is scheduled for September 17, 2026.

   We write jointly with defense counsel to inform the Court of issues that have arisen during discovery, to ask the Court to approve and so order certain new deadlines, and to request a three-month extension of the August 31, 2026 fact discovery cutoff.

   As reflected in the December 19, 2025 Civil Case Management Plan and Scheduling Order (ECF No. 44), fact discovery has been split into two phases.  In Phase I, Defendants were required to produce various documents on a rolling basis and in no event later than January 31, 2026.  Defendants still have not produced several agreed upon items, including:  (i) some of the redacted files for a random sample of putative class members showing why they were placed in the West Facility CDU and/or on the second or third floors of North Infirmary Command and the nature of any process that they were afforded in connection with those placements; (ii) documents reflecting the City's policies and practices with respect to the use of the West Facility CDU and/or on the second or third floors of North Infirmary Command during the relevant period; and (iii) non-privileged communications between DOC and the Board of Correction regarding the use of the West Facility CDU and/or the second or third floors of North Infirmary Command.

   We also are well into the period for Phase II discovery, but the City has not yet produced any Phase II documents.  We have been meeting and conferring with defense counsel regularly, and we do not doubt their good faith or diligence.  But the lack of progress with Defendants' document productions has compromised Plaintiffs' ability to proceed with depositions.  Plaintiffs have served deposition subpoenas on numerous Department of Correction and Correctional Health Service fact witnesses for July.  The reality is that we cannot proceed with those depositions before the outstanding documents have been produced.

Letter to Judge Castel
June 15, 2026
Page 2 of 3

This is not to say that there has been no progress on discovery. The City has responded to Plaintiffs' interrogatories, and it has produced an anonymized Class List sufficient to determine how many people were confined in the subject facilities and for how long, some general policy documents, individual files concerning the named Plaintiffs, various facility floor plans, and several files for randomly selected class members. The parties have agreed upon a protective order and scheduled an inspection of several facilities on Rikers Island to take place on June 23, which will enable Plaintiffs' counsel and their experts to tour and photograph relevant facilities. The parties have made progress in their discussions regarding scope and protocols for ESI Discovery, and Defendants anticipate starting the process of running searches for electronically stored documents responsive to Plaintiffs' discovery demands shortly.

By way of update regarding the parties' settlement discussions, the parties have dedicated significant time and effort towards reaching a resolution of this matter over the last several months, with the assistance of this Court's mediation office. This has included participating in ongoing good-faith negotiations consisting of multiple mediation sessions per month. Although the parties are not able to report any resolution at this time, Defendants' focus and resources have been geared towards the mediation process while simultaneously engaging in their discovery obligations. The parties have made some strides towards settlement and anticipate continuing these efforts over the coming months.

Defendants have suggested that the parties jointly ask the Court for a three-month extension of the current August 28, 2026 fact discovery cutoff. We informed defense counsel that we would agree to join in that request, provided that Defendants commit to specific production dates that the Court approves and so orders. Defense counsel agrees with that approach, and after meeting and conferring, the parties jointly propose, and jointly request that the Court so order, the following deadlines:

| | |
|---|---|
| Production of all outstanding Phase I documents: | July 1, 2026 |
| Fact discovery cutoff: | November 30, 2026 |
| Expert discovery cutoff: | January 29, 2027 |

Defendants will serve formal responses and objections to Plaintiffs' outstanding demands for production by July 15, 2026, with Defendants endeavoring in good faith to complete production of all Phase II documents and ESI by August 31, 2026. If Defendants are unable to complete production of all Phase II documents and ESI by August 31, 2026, counsel for the parties will meet and confer in early September and provide the Court with an update, including a possible application for an extension of the deadlines suggested herein.

Letter to Judge Castel
June 15, 2026
Page 3 of 3

Counsel for the parties are available if the Court wishes to discuss any questions or concerns about this joint proposal.  If this proposal is acceptable, then the parties jointly request that the Court so order these revised deadlines.

We thank the Court for its attention to this update and proposal.

Respectfully submitted,

Eric Hecker

cc:    All Counsel of Record